

**SELMAN BREITMAN** LLP
ATTORNEYS

Mark D. Shields
619.564.3605
mshields@selmanbreitman.com

101 West Broadway
Suite 1330
San Diego, CA 92101
Telephone: 619.564.3600
Facsimile:  619.564.3636
www.selmanbreitman.com

February 14, 2011

*Via ECF*

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Tough Guy Limited v. Tough Mudder LLC, et al.*
      Eastern District of New York Case No. 10-cv-5620 (JG) (SMG)

Dear Judge Gleeson:

We represent Plaintiff/Counter-Defendants Tough Guy Limited and William Wilson in the above-captioned matter. Pursuant to Your Honor's Individual Practices, we respectfully request a pre-motion conference for permission to file a Motion to Dismiss the Counterclaim and Third Party Claim ("Counterclaim") of Tough Mudder LLC, Will Dean and Guy Livingstone (collectively, "Counterclaimants"), or in the alternative, a Motion to Strike. The basis for the motion follows.

**Background**

This action primarily arises out of Defendants' acquisition and unlawful use of Plaintiff's confidential information and trade secrets to develop, advertise and implement a competing race based on Plaintiff's world renowned Tough Guy event. Plaintiff filed this action on June 15, 2010, in the Eastern District of California. On December 3, 2010, the Court *sua sponte* ordered the case transferred to the Eastern District of New York. Defendants previously filed a Motion to Dismiss Plaintiff's Complaint. No ruling has been entered on the Motion to Dismiss. On January 11, 2011, Defendants filed the Counterclaim at issue. Tough Guy Limited and William Wilson seek leave to file a Motion to Dismiss the Counterclaim. An initial conference is scheduled for March 23, 2011.

**Grounds for Dismissal**

Counterclaimants' First Cause of Action for violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), is subject to dismissal under Rule 12(b)(6) as Counterclaimants fail to state a claim upon which relief can be granted. In order to establish a violation of 15 U.S.C. § 1125(a)(1)(B), a plaintiff or counterclaimant must show that (1) defendants made a false or



The Honorable John Gleeson
February 14, 2011
Page 2

misleading representation regarding the nature, characteristics or quality of plaintiff's services; (2) the representations were used in commerce; (3) the representations were made in the context of commercial advertising or promotion; and (4) defendants' actions made plaintiff believe it would be damaged by the representations. *National Artists Mgm't Co., Inc. v. Weaving*, 769 F.Supp. 1224, 1230 (S.D.N.Y.1991). Courts also require that any alleged Lanham Act misrepresentation concerning a plaintiff's products or services: (1) consist of commercial speech; (2) be made by defendants who are in commercial competition with plaintiff; and (3) are stated for the purpose of influencing customers to buy defendants' goods or services. *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F.Supp. 115, 133 (D.Mass.1996). Counterclaimants' Lanham Act claims fail because they do not set forth facts alleging each of the required elements for a violation of 15 U.S.C. § 1125(a)(1)(B).

Counterclaimants' Second Cause of Action for Defamation also fails to state a claim upon which relief can be granted. Counter-Defendants' alleged defamatory statements are non-actionable statements of opinion or rhetorical hyperbole. *Flamm v. Am. Assoc. of Univ. Women*, 201 F.3d 144, 147-48 (2d Cir.2000). In addition, many of Counter-Defendants' writings cited in the Counterclaim constitute "loose" or "figurative" language, which are afforded constitutional protection and may not form the basis of a claim for defamation. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 16-17, 110 S.Ct. 2695 (citing *Greenbelt Coop. Publ'g. Assn. v. Bresler*, 398 U.S. 6 (1970). Whether the particular statements constitute fact or opinion is a question of law. *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 381 (1977).

**Basis for Motion to Strike**

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *See Smith v. AVSC Intern'l, Inc.*, 148 F.Supp.2d 302, 317 (S.D.N.Y.2002). Nonetheless, "motions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." *See Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F.Supp. 1226, 1241-42 (S.D.N.Y.1995). Where "[r]etention of the allegation will prejudice the defendant," or if it "serve[s] no purpose except to inflame the reader," then it should be stricken. *Impulsive Music v. Pomodoro Grill, Inc.* 2008 WL 4998474, 2 (W.D.N.Y., 2008). Indeed, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 555 (S.D.N.Y.2002).

The Counterclaim asserts spurious allegations that are pled solely to prejudice Plaintiff Tough Guy Limited and tarnish its founder Counter-Defendant William Wilson. In particular, the Counterclaim includes allegations that Mr. Wilson "cheated" on taxes and "embezzled" charity funds. The Counterclaim also includes a reference to a supposed "Death Threat" which Mr.



The Honorable John Gleeson
February 14, 2011
Page 3

Wilson remitted to Defendant Will Dean via email. Defendants' irrelevant and scandalous allegations have nothing to do with this case and should be stricken.

Counsel for Tough Guy Limited and Mr. Wilson believes that this is a motion for which a pre-hearing conference may not be useful. Thus, we respectfully request that the Court consider dispensing with the pre-hearing conference and set a schedule for briefing and arguing the motion. Alternatively, an initial conference is scheduled for March 23, 2011, at which time the Court and the parties could discuss a briefing schedule. Finally, we respectfully request that Your Honor stay the deadline to file an answer or other responsive pleading pending the outcome of the pre-motion conference.

If the Court has any questions regarding this matter, we will make ourselves available at the Court's convenience. We thank the Court for its time and attention to this matter.

Respectfully submitted,

SELMAN BREITMAN LLP


By: _____/s/ *MARK D. SHIELDS*_____
        MARK D. SHIELDS
101 West Broadway, Suite 1330
San Diego, California 92101
Telephone: (619) 564-3600
Email: mshields@selmanbreitman.com
Attorneys for Plaintiff/Counter-Defendants Tough Guy Limited and William Wilson

cc:     Chief United States Magistrate Judge Steven M. Gold
        All Counsel of Record

57583.1  184.29128

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2011, I filed correspondence with the Clerk of the Court using the CM/ECF system, and served all parties via ECF.

DATED:  February 14, 2011          SELMAN BREITMAN LLP

By:      /s/ *MARK D. SHIELDS*
         MARK D. SHIELDS

101 W. Broadway, Suite 1330
San Diego, California 92101
Telephone: 619-564-3600
Email: mshields@selmanbreitman.com
Attorneys for Plaintiff TOUGH GUY LIMITED