

DIETRICH SIBEN THORPE LLP
A Partnership of Professional Corporations

Office 760.579.7368
Fax 760.579.7369

Matthew P. Siben, Esq.
matthew@dstlegal.com

February 21, 2011

**Via ECF/CM**
The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Tough Guy Limited v. Tough Mudder LLC, et al.*, No. 10-cv-5620 (JG) (SMG)

Dear Judge Gleeson:

We represent Defendants/Counterclaimants Tough Mudder LLC, Will Dean and Guy Livingstone in the above referenced action and hereby respond to Plaintiff/Counter-Defendants' letter to the Court dated February 14, 2011 (the "Letter"). Counterclaimants bring claims against Tough Guy Ltd. and its founder William Wilson for violation of the Lanham Act's prohibition of deceptive advertising and for defamation.

**Statement of Facts**

Tough Guy and Wilson operate a muddy obstacle course race on Wilson's farm in the English countryside. ¶20.[1] In 2008, Dean was a business school student at Harvard Business School interested in beginning an adventure race business in the United States. Dean performed a field study for credit with Tough Guy and Wilson in 2008, analyzing the potential for bringing a Tough Guy-type of muddy obstacle course race to market in the United States. ¶23. As part of his field study, Dean agreed to maintain the confidentiality of Tough Guy's legitimately confidential information, which Dean has done. ¶27. As requested by Wilson, Dean provided Wilson with Dean's analysis of the potential business opportunity. ¶25.

While Dean worked on the field study with Tough Guy, he learned facts suggesting Wilson was cheating on his taxes and embezzling funds supposedly marked for charity. When Dean asked Wilson for clarification on these matters, Wilson was overtly hostile and the relationship soured. ¶26.

After graduating business school, on October 21, 2009, Dean co-founded Tough Mudder in the United States to create muddy obstacle course races for paying

[1] References to "¶__" are to the Counterclaim and Third Party Complaint filed January 11, 2011.



2173 Salk Avenue, Ste. 250, Carlsbad, CA 92008 www.dstlegal.com



DIETRICH SIBEN THORPE LLP
A Partnership of Professional Corporations

Office 760.579.7368
Fax 760.579.7369

participants. ¶28. Apparently very angry with Dean, Tough Guy and Wilson threatened Dean's life via e-mail on February 3, 2010. ¶¶29-31. Wilson also sent the threatening correspondence to Dean's parents on the same day. ¶32.

Shortly after threatening Dean's life, Wilson and Tough Guy sent a false and misleading mass e-mail to Tough Guy competitors that was intended to damage Dean's reputation and impair Tough Mudder's business prospects. Tough Guy and Wilson referred to Dean as a "crook" and a "plagiarist" of Tough Guy's intellectual property, and accused Dean of falsifying his resume. ¶¶37-39. Tough Guy and Wilson falsely stated that Dean and Tough Mudder were "taking entry fees from unsuspecting competitors lured by his illegal" conduct and asserted Tough Mudder's races were unsafe. ¶¶39-40. Furthermore, suggesting that Tough Guy and Wilson had ample undisclosed proof of their false statements, Counter-Defendants falsely proclaimed they would stop Tough Mudder's races from happening: "Tough Guy will not allow plagiarising [sic] of its intellectual rights. We will arrive at any pirate event with an injunction which will, I am sure have all of the desired effects." ¶41.

On March 3, 2010, Tough Guy posted on its website a blog entry written by Wilson titled "Killing Private Mudder." ¶¶43-44. The blog entry expressly names Dean and Tough Mudder, and refers to Dean as a "squelchy plagiarist." ¶44. Wilson states Dean and Tough Mudder will take the entry fees of Tough Mudder competitors without providing them their bargained-for consideration: "He apparently has a dream that no publicity is bad publicity and that his empty pot will fill with shekels of gullible competitors' entry fees which he can then do what he likes with." ¶46. Further, the blog entry goes on to state that Tough Guy's "Missions is to "[e]xpose [Dean] as a scoundrel before innocent people are conned into sending him fees in escrow." ¶48. Despite repeated requests, including a request made through counsel, Tough Guy and Wilson refused to remove the blog entry from Tough Guy's website. ¶50.

**<u>The Motion to Dismiss Counterclaimants' Lanham Act Claims</u>**

Counter-Defendants' statements constitute deceptive advertising that damaged Counterclaimants, which is actionable under the Lanham Act, 15 U.S.C § 1125(a)(1)(B). The Counter-Defendants' Letter to the Court merely identifies the elements of a claim for violation of the Lanham Act's deceptive advertising prong, and then incorrectly states: "Counterclaimants' Lanham Act claims fail because they do not set forth facts alleging each of the required elements for a violation of 15 U.S.C § 1125(a)(1)(B)." The Court's rules require the Counter-Defendants to set "forth the basis for the anticipated motion," which the Letter fails to do with any specificity. Accordingly, Counterclaimants reserve the right to address any purported inadequacies in the Counterclaim and Third Party Complaint, should the Counter-Defendants properly set forth their position.



2173 Salk Avenue, Ste. 250, Carlsbad, CA 92008 www.dstlegal.com



DIETRICH SIBEN THORPE LLP
A Partnership of Professional Corporations

Office 760.579.7368
Fax 760.579.7369

**The Motion to Dismiss Counterclaimants' Defamation Claims**

Regardless of the applicable common law, British or New York, Counter-Defendants' statements are actionable as defamatory. "An attack on a person's integrity by impugning his character as dishonest or immoral may form the basis of a defamation if an ordinary listener would tend to credit the statements as true." *McNamee v. Clemens*, 2011 U.S. Dist. LEXIS 10664 at *39 (E.D.N.Y. Feb. 4, 2011). By labeling Dean, among other things, a "crook" and accusing Dean of stealing Tough Guy's intellectual property, Counter-Defendants made false statements impugning Dean's character. "Statements accusing [Dean] of personal dishonesty [are] not constitutionally protected expressions of opinion." *Id. See also Catinella v. Mel Weitz Supermarkets, Inc.*, 286 A.D.2d 361, 362 (N.Y. App. Div. 2d Dep't 2001) (upholding complaint where defendant "called the plaintiff a thief and a 'crook'"). Counter-Defendants' statements are not mere opinion, but facts readily determinable as either true or false. Dean is not a crook. Dean did not steal Tough Guy's intellectual property. Moreover, assuming, *arguendo*, Counter-Defendants' statements were mere opinion, they are actionable statements of "mixed opinion" because Counter-Defendants falsely claimed to have factual evidence sufficient to enjoin Tough Mudder's purportedly illegal activity. *See, e.g. McNamee,* 2011 U.S. Dist. LEXIS 10664, *35 ("a statement of opinion that implies a basis in undisclosed facts is actionable 'mixed opinion'").

**The Motion to Strike**

"To prevail on a Rule 12(f) motion to strike, the moving party must show that the challenged material has no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant. Generally, motions to strike are disfavored, and will be granted only where there exists a strong reason to do so." *Landmark Am. Ins. Co. v. S&S Pub.*, 2011 U.S. Dist. LEXIS 15050, *17-*18 (E.D.N.Y. Feb. 8, 2011). Counterclaimants' allegations that (i) Wilson became overtly hostile after Dean questioned the legitimacy of Tough Guy's charitable relationships and financial statements (¶26), and (ii) Wilson threatened Dean's life (¶¶29-34), provide context for the Counter-Defendants' defamatory statements. Moreover, these allegations demonstrate Wilson acted with malicious intent to defame Dean and Tough Mudder, thereby supporting Counterclaimants' Fifth Prayer For Relief seeking punitive damages. As the allegations bear on the issues in the case, the Motion to Strike should be denied.

Respectfully submitted,

Matthew P. Siben

cc: All Counsel (by E-Mail)



2173 Salk Avenue, Ste. 250, Carlsbad, CA 92008 www.dstlegal.com