UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— x

TOUGH GUY LIMITED,                              :     Civil Action No. 10-cv-5620 (JG) (SMG)
                                                :
                    Plaintiff,                  :
                                                :
        vs.                                     :     DEFENDANTS' OPPOSITION TO
                                                :     PLAINTIFFS' MOTION TO DISMISS AND
                                                :     MOTION TO STRIKE DEFENDANTS'
TOUGH MUDDER LLC, WILL DEAN, and                :     COUNTERCLAIMS
GUY LIVINGSTONE,                                :
                                                :
                    Defendants.                 :
                                                :
—————————————————————— x

TOUGH MUDDER LLC, WILL DEAN, and                x
GUY LIVINGSTONE,                                :
                                                :
                    Counterclaimants,           :
                                                :
        vs.                                     :
                                                :
TOUGH GUY LIMITED and WILLIAM                   :
WILSON,                                         :
                                                :
                    Counter-Defendants.         :
                                                :
—————————————————————— x

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ....................................................................................................1

II.  STATEMENT OF FACTS ........................................................................................2

III. LEGAL STANDARD ..............................................................................................4

IV.  TOUGH GUY'S STATEMENTS WERE DEFAMATORY ....................................4

    A. Tough Guy's Statements Are Actionable False Statements of Fact, Not Opinion .........6

    B. Even if Statements of Opinion, Tough Guy's Statements Are Actionable ....................7

V.   TOUGH GUY VIOLATED THE LANHAM ACT ..................................................9

    A. Tough Guy's Statements Are Actionable False and Misleading *Factual* Misrepresentations, Not Statements of Opinion ..............................................................9

    B. Tough Guy's Statements Constitute Commercial Speech ..............................................11

    C. Tough Guy's Statements Were Made for the Purpose of Influencing Customers to Buy Plaintiffs' Goods and Services ..............................................................12

    D. Tough Guy Disseminated the False and Misleading Statements ..................................13

VI.  TOUGH GUY IMPROPERLY MOVES TO STRIKE RELEVANT ALLEGATIONS..............................................................................................................14

VII. CONCLUSION ......................................................................................................15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Albert v. Salmen Loksen, Brooklyn Hospital*,
  239 F. 3d 256 (2d Cir. 2001) ............................................................... 4, 7

*Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003) ............................................. 11, 12

*Camp Summit of Summitville, Inc. v. Visinski*,
  2007 U.S. Dist. LEXIS 28496 (S.D.N.Y. Apr. 13, 2007) ...................... 6

*Catinella v. Mel Weitz Supermarkets, Inc.*,
  286 A.D.2d 361, 362 (N.Y. App. Div. 2d Dep't 2001) ...................... 6

*Celle v. Filipino Reporter Enters.*,
  209 F.3d 163 (2d Cir. 2000) ............................................................. 5, 15

*Cianci v. New Times Pub. Co.*, 639 F.2d 54 (2d Cir. 1980) ......................... 8

*EventMedia Int'l, Inc. v. Time, Inc. Magazine Co.*,
  1992 U.S. Dist. LEXIS 16385 (S.D.N.Y. Oct. 26, 1992) .................... 13

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*,
  314 F.3d 48 (2d Cir. 2002) .............................................................. 14

*Fiber Systems International, Inc. v. Daniel Roehrs, et al.*,
  470 F.3d 1150, 1161-62 (5th Cir. 2006) ........................................ 7

*Flamm v. American Association of University Women*,
  201 F.3d 144 (2d Cir. 2000) ........................................................... 7

*Hoffman v. Landers*,
  146 A.D.2d 744 (N.Y. App. Div. 2d Dep't 1989) ............................. 8

*GEA Westfalia Separator, Inc. v. Greenshift Corp.*,
  2010 U.S. Dist. LEXIS 50025 (S.D.N.Y. May 17, 2010) ................. 9, 14

*Kelly v. Schmidberger*,
  806 F.2d 44 (2d Cir. 1986) ............................................................ 5, 7, 8

*Martin v Daily News, L.P.*,
  2009 NY Slip Op 31603U (N.Y. Sup. Ct. July 14, 2009) ................. 8

*McNamee v. Clemens*,
  2011 U.S. Dist. LEXIS 10664 (E.D.N.Y. Feb. 4, 2011) ................. 6, 8, 9

ii

## TABLE OF AUTHORITIES

**Page**

*Pisani v. Staten Island Univ. Hosp.*,
    2008 U.S. Dist. LEXIS 30855 (E.D.N.Y. Apr. 15, 2008) ................................... 9

*PhotoMedex, Inc. v. Irwin*,
    601 F.3d 919 (9th Cir. 2010) ............................... 10

*Senna v. Florimont*,
    196 N.J. 469 (N.J. 2008) ............................... 7

*Simon-Whelan v. Andy Warhol Found. for the Visual Arts*,
    2009 U.S. Dist. LEXIS 44242 (S.D.N.Y. May 26, 2009) ................................... 10

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*,
    642 F. Supp. 2d 167 (S.D.N.Y. 2009) ............................... 10

*Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010) ................................ 14

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007) ............................... 10

*Unique Sports Generation, Inc. v. LGH-III, LLC*,
    2005 U.S. Dist. LEXIS 22133 (S.D.N.Y. Sept. 29, 2005) .......................... 4, 12, 14

*United States Healthcare v. Blue Cross of Greater Philadelphia*,
    898 F.2d 914 (3d Cir. 1990) ............................... 11

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §1125(a)(1)(B) ................................... 9

Defendants, Tough Mudder LLC, Will Dean and Guy Livingstone (collectively "Defendants" or "Tough Mudder"), hereby oppose the Plaintiffs' Motion to Dismiss Defendants' Counterclaim, or in the Alternative, Motion to Strike (the "Motion"), by which Plaintiff Tough Guy Limited and its founder William Wilson (collectively "Plaintiffs" or "Tough Guy") seek dismissal of Tough Mudder's counterclaims for violations of the Lanham Act and for defamation. Tough Mudder also opposes Tough Guy's alternative motion to strike specific allegations in the Counterclaim and Third Party Complaint (the "CounterComplaint").

## I.    INTRODUCTION

Death threats aside, the core of Defendants' Counterclaim is that Plaintiffs defamed Defendants by wrongly accusing them of theft and fraud. Plaintiffs now move to dismiss, asserting that the law does not prohibit the promotion of one's own product by falsely accusing a competitor of criminal conduct. It is therefore ripe with irony that Plaintiffs move to strike certain allegations in Defendants' CounterComplaint because "their inclusion will *severely prejudice* Plaintiffs since the allegations pertain to alleged *criminal offenses*." Motion at 9.[1] As Plaintiffs concede, accusations of criminal conduct are a serious matter. Defendants trust the incompatibility of Plaintiffs' positions is not lost on the Court.

Thankfully, the law clearly provides Defendants with the tools to address Plaintiffs' wrongful conduct. Common law defamation and the Lanham Act provide Tough Mudder with legal remedies to both secure compensation for Plaintiffs' past false statements, as well as prevent Tough Guy from

---

[1]   All emphasis is added, and all citations and internal quotations are omitted, unless otherwise noted.

1

continuing to falsely accuse Defendants of committing illegal acts.   Furthermore, the law allows Tough Mudder to seek punitive damages on the basis that William Wilson acted with malicious intent.   Therefore, allegations concerning Dean's past interactions with Wilson – including his suspicion of Wilson's criminal conduct – are relevant and should not be stricken.   Accordingly, both Plaintiffs' motion to dismiss and the motion to strike should be denied.

## II.   STATEMENT OF FACTS

Tough Guy operates a muddy obstacle course race on Wilson's farm in the English countryside.   ¶20.[2]   In 2008, Dean was a business school student at Harvard Business School interested in beginning an adventure race business in the United States.   Dean performed a field study for credit with Tough Guy in 2008, analyzing the potential for bringing a Tough Guy-type of muddy obstacle course race to market in the United States.   ¶23.   As part of his field study, Dean agreed to maintain the confidentiality of Tough Guy's legitimately confidential information, which Dean has done.   ¶27.   As requested by Tough Guy, Dean provided Tough Guy with Dean's analysis of the potential business opportunity.   ¶25.

While Dean worked on the field study with Tough Guy, he learned facts suggesting Tough Guy was cheating on its taxes and embezzling funds marked for charity.   When Dean asked Wilson for clarification on these matters, Wilson was overtly hostile and the relationship soured.   ¶26.

After graduating business school, on October 21, 2009, Dean co-founded Tough Mudder in the United States to create muddy obstacle course races for paying participants. ¶28.   Apparently very angry with Dean, Wilson threatened Dean's life via e-mail on February 3, 2010.   ¶¶29-31.   Wilson also sent the threatening correspondence to Dean's parents on the same day.   ¶32.

---

[2]   References to "¶__" are to the CounterComplaint.

Shortly after threatening Dean's life, Wilson sent a false and misleading mass e-mail to Tough Guy competitors that was intended to damage Dean's reputation and impair Tough Mudder's business prospects before they could even begin.  Wilson referred to Dean as a "crook" and a "plagiarist" who stole Tough Guy's intellectual property.  ¶¶37-39.  Wilson further accused Dean of falsifying his resume. ¶39.  Wilson falsely stated that Dean and Tough Mudder were "taking entry fees from unsuspecting competitors lured by his illegal" conduct and asserted Tough Mudder's races were unsafe.  ¶¶39-40.  Furthermore, suggesting that Plaintiffs had ample undisclosed proof of Defendants' false statements to stand up in a court of law, Wilson falsely proclaimed Tough Guy would stop Tough Mudder's races from happening:  "Tough Guy will not allow plagiarising [sic] of its intellectual rights.  We will arrive at any pirate event with an injunction which will, I am sure have all of the desired effects."  ¶41.

On March 3, 2010, Tough Guy posted on its website a blog entry written by Wilson titled "Killing Private Mudder." ¶¶43-44.  The blog entry expressly names Dean and Tough Mudder, and refers to Dean as a  "squelchy plagiarist."  ¶44.  Wilson then states that Dean and Tough Mudder will take the entry fees of Tough Mudder competitors without providing them their bargained-for consideration:  "He apparently has a dream that no publicity is bad publicity and that his empty pot will fill with shekels of gullible competitors' entry fees which he can then do what he likes with."  ¶46.  Further, the blog entry goes on to state that Tough Guy's "Mission is to [e]xpose [Dean] as a scoundrel before innocent people are conned into sending him fees in escrow."  ¶48.  These statements clearly accuse Dean and Tough Mudder of being engaged in a criminal enterprise.  Despite repeated requests, including a request made through counsel, Tough Guy refused to remove the blog entry from Tough Guy's website.  ¶50.

3

III.    **LEGAL STANDARD**

Plaintiffs' Motion fails to comply with well-accepted standards of review on a motion to dismiss. Most notably, Plaintiffs' preliminary statement – devoid of any citations – improperly crafts a statement of the case taken from Plaintiffs' Complaint. Motion at 1-2. At issue on this motion is Defendants' CounterComplaint. Plaintiffs' recitation of the facts taken from Plaintiffs' Complaint is not properly before the Court at this time, as the Court must accept the truth of the facts alleged in the CounterComplaint and draw all reasonable inferences in the Defendants' favor.

Viewed in the manner required on a motion to dismiss, the CounterComplaint plainly states causes of action for defamation and violation of the Lanham Act that are plausible on their face, and which should be decided by a jury after hearing all of the relevant evidence.

IV.    **TOUGH GUY'S STATEMENTS WERE DEFAMATORY**

On a motion to dismiss, "the Court need only determine whether the statements at issue are reasonably susceptible of a defamatory meaning. If the Court deems the statements to be reasonably susceptible to a defamatory interpretation, then it becomes the jury's function to say whether that was the sense in which the words were likely to be understood by the ordinary and average reader." *Unique Sports Generation, Inc. v. LGH-III, LLC*, 2005 U.S. Dist. LEXIS 22133, at *28-*29 (S.D.N.Y. Sept. 29, 2005). *See also Albert v. Salmen Loksen, Brooklyn Hospital*, 239 F. 3d 256, 267 (2d Cir. 2001) (same). "[T]he general rule at common law [is] that falsity is presumed. . . ." *Id*. at 269, fn. 10. Moreover, at the motion to dismiss stage, "because [the] Court must accept [the] allegations as true, the Court must assume that the alleged statements were made by Plaintiff[s] and were false." *Unique Sports Generation, Inc.*, 2005 U.S. Dist. LEXIS 22133, at *28-*29.

Though Tough Guy asserts the statements are inactionable as a matter of law due to Plaintiff Wilson's peculiar rhetorical writing style, the Second Circuit cautions against making such determinations on a motion to dismiss:

> The publisher of a libel may not, of course, escape liability by veiling a calumny under artful or ambiguous phrases and, if *any* common-sense construction of what was written justifies or supports a defamatory meaning, it will be for the jury, not the court on motion, to decide whether the writing was or was not defamatory.

*Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986).

In this action, Plaintiffs' statements clearly disparaged Defendants' professionalism and accused Defendants of criminal actions, falsely labeling Defendants as dishonest and as crooks who stole Tough Guy's trade secrets and were stealing race participants' entry fees. ¶¶37-41, 45-58. Plaintiffs also impugned the basic integrity of Tough Mudder's operations as unsafe and inferior.

Plaintiffs' untrue statements constitute defamation *per se*. A "writing which *tends* to disparage a person in the way of his office, profession or trade is defamatory *per se* and does not require proof of special damages." *Celle v. Filipino Reporter Enters*., 209 F.3d 163, 179 (2d Cir. 2000) (emphasis in original). Indeed, "words are libelous if they affect a person in his profession, trade, or business *by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification* in the exercise thereof. *Id*. at 180. "A related rule is that where a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed." *Id*. Tough Guy intended to and did disparage Defendants in their professional business activities and impugned the integrity of Defendants' business generally.

5

A.       **Tough Guy's Statements Are Actionable False Statements of Fact, Not Opinion**

By labeling Dean, among other things, a "crook" and accusing Defendants of stealing Tough Guy's intellectual property, Tough Guy made false statements impugning Defendants' character.  As a matter of law, such false statements may be actionable:  "An attack on a person's integrity by impugning his character as dishonest or immoral may form the basis of a defamation if an ordinary listener would tend to credit the statements as true." *McNamee v. Clemens*, 2011 U.S. Dist. LEXIS 10664, \*39 (E.D.N.Y. Feb. 4, 2011).  In the instant case, those reading the statements on Tough Guy's website or through its email would credit Wilson's statements as true due to the clear conviction Wilson evinced in expressing them and Wilson's established stature in the industry.

Plaintiffs' sole argument for dismissal of the defamation claim is that their accusations are constitutionally protected statements of opinion or mere rhetorical hyperbole.  Motion at 7-8.  This is not the case. "Statements accusing [Defendants] of personal dishonesty [are] not constitutionally protected expressions of opinion." *Id.*  In fact, accusations of illegal conduct, specifically fraud and theft of intellectual property, are generally treated as statements of fact, not opinion.  *See, e.g. Camp Summit of Summitville, Inc. v. Visinski*, 2007 U.S. Dist. LEXIS 28496, \*33-\*34 (S.D.N.Y. Apr. 13, 2007) ("Telling campers' parents that Visinski is a 'crook' who 'engaged in . . . illegal conduct' would certainly 'induce an evil opinion' of her in the minds of these parents.  Additionally, the alleged statements do not convey pure opinion; rather, they have a precise and readily understood meaning and may be proven false, since Visinski either broke the law or she did not.").  *See also Catinella v. Mel Weitz Supermarkets, Inc.*, 286 A.D.2d 361, 362 (N.Y. App. Div. 2d Dep't 2001) (upholding complaint where defendant "called the plaintiff a thief and a 'crook'").  Tough Guy's statements are readily determinable as either true or false.  Defendants either stole Tough Guy's intellectual property, or they did not.  Defendants were either conning innocent people into sending

6

Tough Mudder advance registration fees without any intention of producing an event, or Defendants were operating a legitimate business.  Dean either lied on his resume, or he did not.  Plaintiffs' statements are false *and* capable of being proven false, and are therefore actionable.

Even further, this is a dispute between two businesses, and "when a business owner maligns his competitor in the marketplace for apparent economic gain, it is difficult to reach the conclusion that such commercially disparaging expressions are at the heart of free speech values or implicate any of the concerns that animated the *New York Times* decision." *Senna v. Florimont*, 196 N.J. 469, 495-496 (N.J. 2008).

Courts in the Second Circuit (and elsewhere) have repeatedly found statements made under similar circumstances to be actionable when the statements at issue, like those here, (i) concern a person's business activities, and/or (ii) accuse someone of illegal conduct.  *See, e.g. Fiber Systems International, Inc. v. Daniel Roehrs, et al.*, 470 F.3d 1150, 1161-62 (5th Cir. 2006) (statements that defendant misappropriated intellectual property are as actionable as "falsely accusing someone of stealing or calling someone a 'thief' [, which] constitutes defamation per se"); *Albert,* 239 F. 3d at 268 (statements made in "context of [supervisor] seeking the summary termination" of an employee "virtually eliminates the possibility that they were meant as rhetorical hyperbole"); *Flamm v. American Association of University Women*, 201 F.3d 144, 151-155 (2d Cir. 2000) (calling an attorney an "ambulance chaser" was an actionable statement of fact concerning business activity, not protected opinion); *Kelly*, 806 F.2d at 47 ("accusing plaintiffs of fraudulent, if not illegal, activity . . . is clearly sufficient to sustain an action for libel").

**B.      Even if Statements of Opinion, Tough Guy's Statements Are Actionable**

Even if classified as statements of opinion, Wilson's statements are still actionable. Despite the general rule prohibiting defamation claims on the basis of statements of opinion, an "exception to

this rule is an accusation of criminal activity which, even in the form of opinion, is not

constitutionally protected." *Martin v Daily News, L.P.*, 2009 NY Slip Op 31603U, 16 (N.Y. Sup. Ct.

July 14, 2009). *See also Hoffman v. Landers*, 146 A.D.2d 744, 746 (N.Y. App. Div. 2d Dep't 1989)

(same).   As the Second Circuit has explained in the context of a defamation action:

> Accusations of criminal activity, even in the form of opinion, are not constitutionally
> protected. . . .   No First Amendment protection enfolds false charges of criminal
> behavior.
>
> Almost any charge of crime, unless made by an observer and sometimes even
> by him, is by necessity a statement of opinion.  It would be destructive of the law of
> libel if a writer could escape liability for accusations of crime simply by using,
> explicitly or implicitly, the words 'I think.'

*Cianci v. New Times Pub. Co.*, 639 F.2d 54, 63 (2d Cir. 1980).  Here, Plaintiffs accused Tough

Mudder of stealing intellectual property and fraud on its own customers – both of which are

criminal.  Plaintiffs' statements are thus defamatory and not constitutionally protected statements of

opinion.[3]

Further, Plaintiff's statements also qualify as actionable statements of "mixed opinion"

because Plaintiffs falsely claimed to have factual evidence sufficient to enjoin Tough Mudder's

purportedly illegal activity.  *See, e.g. McNamee*, 2011 U.S. Dist. LEXIS 10664, *35 ("a statement of

opinion that implies a basis in undisclosed facts is actionable 'mixed opinion'").  *See also Kelly*, 806

F.2d at 48 ("Liability for libel may attach . . . when a negative characterization of a person is coupled

---

[3] Similarly, Plaintiffs' statement that Tough Mudder's races are inherently unsafe, is an actionable
statement of fact purportedly supported by Plaintiffs' other claims that Tough Mudder is
inexperienced and unscrupulous.  Such statements impugning the safety of a competitors' product
are actionable.  *See, e.g., Beharry & Co., LTD., v. Bedessee Imports Inc.*, 2010 U.S. Dist. LEXIS
27404, *19 (E.D.N.Y. March 23, 2010) (upholding defamation claim where the "overall 'gist' or
'sting' of defendants' statements" were that competitor's products posed a "threat" to "the public
health").

with a clear but false implication that the author is privy to facts about the person that are unknown to the general reader."); *Pisani v. Staten Island Univ. Hosp.*, 2008 U.S. Dist. LEXIS 30855, *42 fn.8 (E.D.N.Y. Apr. 15, 2008) ("Though some statements may be characterized as hypothesis or conjecture, they may yet be actionable if they imply that the speaker's opinion is based on the speaker's knowledge of facts that are not disclosed to the reader.").

Here, Plaintiffs clearly stated they had ample undisclosed proof to support their defamatory statements. Plaintiffs erroneously proclaimed: "Tough Guy will not allow plagiarising [sic] of its intellectual rights. ***We will arrive at any pirate event with an injunction*** which will, I am sure have all of the desired effects." ¶41. Any reasonable reader of this statement, in context, would understand it to mean that, at the time of their statements, Plaintiffs had sufficient evidence of Tough Mudder's purported illegal acts to obtain a court order stopping Tough Mudder's races from happening. Accordingly, Plaintiffs' statements are, at the very least, actionable statements of "mixed opinion" purportedly based on undisclosed facts. *McNamee*, 2011 U.S. Dist. LEXIS 10664, *35.

## V. TOUGH GUY VIOLATED THE LANHAM ACT

In order to state a claim under 15 U.S.C. § 1125 (a)(1)(B) for false commercial advertising or promotion, in addition to the falsity of the statements, "a plaintiff must, generally, show (1) commercial speech (2) for the purpose of influencing consumers to buy defendant's good or services, and (3) sufficient dissemination to the relevant purchasing public." *GEA Westfalia Separator, Inc. v. Greenshift Corp.*, 2010 U.S. Dist. LEXIS 50025, *7 (S.D.N.Y. May 17, 2010).

### A. Tough Guy's Statements Are Actionable False and Misleading *Factual* Misrepresentations, Not Statements of Opinion

"To establish a false advertising claim under the Lanham Act, a plaintiff must demonstrate that the message in the challenged advertisement is false. Falsity may be established by proving that

(1) the advertising is literally false as a factual matter, or (2) though the advertisement is literally true, it is likely to deceive or confuse consumers." *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 201-202 (S.D.N.Y. 2009). As set forth above, Plaintiffs' statements here were literally false and/or likely to deceive and confuse consumers. Dean is not a crook. Defendants did not steal Tough Guy's intellectual property. No gullible customers were ever in danger of being denied the benefit of their bargain.

Plaintiffs move to dismiss the Lanham Act claims on the basis that the statements are mere opinion. Motion at 5-6. The Court need not address this issue presently. In a Lanham Act action, the question of whether Plaintiffs' statements constituted false factual representations, or simply opinion, is typically improper for decision at the motion to dismiss stage of the proceedings.[4]

Furthermore, when read in context, Tough Guy's statements convey more than mere opinion.

> A district court evaluating whether an advertisement is literally false must analyze the message conveyed in full context, it must consider the advertisement in its entirety and not engage in disputatious dissection. If the words or images, considered in context, ***necessarily imply a false message***, the advertisement is literally false and no extrinsic evidence of consumer confusion is required.

*Time Warner Cable, Inc. v. DIRECTV, Inc*., 497 F.3d 144, 158 (2d Cir. 2007). In their entirety, Tough Guy's statements clearly convey a factually false message: that Tough Mudder's management engages in illegal and fraudulent conduct, and, as a result, participants in Tough Mudder's races are

---

[4] *See, e.g., PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 931 (9th Cir. 2010) (in Lanham Act action, holding: "Typically, whether a statement is nonactionable opinion or actionable misrepresentation of fact is a question of fact for the jury."); *Simon-Whelan v. Andy Warhol Found. for the Visual Arts*, 2009 U.S. Dist. LEXIS 44242, *27 (S.D.N.Y. May 26, 2009) (in Lanham Act action: "The Court cannot determine at this stage of the proceeding whether the Defendants' letters, although purporting to be opinions, could reasonably be seen as stating or implying provable facts . . . .").

likely to be injured, cheated and robbed.  Plaintiffs' statements were false misrepresentations of fact actionable under the Lanham Act.

**B.      Tough Guy's Statements Constitute Commercial Speech**

Tough Guy's statements constitute "commercial speech."  "The Supreme Court has cited three factors to consider in deciding whether speech is commercial: (1) is the speech an advertisement; (2) does the speech refer to a specific product or service; and (3) does the speaker have an economic motivation for the speech."  *United States Healthcare v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 933 (3d Cir. 1990).

Tough Guy's statements were clearly commercial speech.  *First*, Tough Guy's blog and mass/blast e-mail both advertise and promote Tough Guy's races as superior to those of Tough Mudder.  *See* Counter Complaint Exs. B & C.  *Second*, the mass/blast e-mail refers to Tough Guy's race specifically, noting it is "world famous" and coming to "America and the rest of the world;" the blog also refers to Tough Guy specifically.  *See id*.  *Third*, and most important here, it is clear that Plaintiffs had an economic motive for their false statements (as well as malicious intent).  A reasonable jury could conclude that Plaintiffs disparaged Tough Mudder to cause potential race participants to boycott the Tough Mudder race and participate in the Tough Guy race instead.  *See id.*

While it is true that the Second Circuit has "been careful not to permit overextension of the Lanham Act to intrude on First Amendment values[,]" Tough Guy's statements here were ***not*** made "in a forum that has traditionally been granted full protection under the First Amendment." *Boule v. Hutton*, 328 F.3d 84, 91 (2d Cir. 2003) (denying to extend Lanham Act protection to statements in a news article). Plaintiffs' reliance on *Boule v. Hutton* is misguided.  *See* Motion at 5.  *Boule* concerned "a matter of public concern – fraud in the art market" and the statements at issue were "inextricably intertwined" with a newspaper article.  *Boule*, 328 F.3d at 91.  In this action, Tough

11

Guy's statements were commercial speech posted on a commercial website (or disseminated via a commercial e-mail list maintained by Plaintiffs) meant to impair Tough Mudder's business and are therefore not afforded the same level of First Amendment protections as were afforded to the statements at issue in *Boule*.

Tough Guy's false statements were commercial speech intended to advertise Tough Guy's races, denigrate Tough Mudder's races, and negatively influence potential Tough Mudder race participants' purchasing decisions.  Tough Guy's website and e-mail do ***not*** constitute protected journalistic, artistic or political speech.  Plaintiffs' statements are therefore  subject to the Lanham Act.

### C.    Tough Guy's Statements Were Made for the Purpose of Influencing Customers to Buy Plaintiffs' Goods and Services

As set forth above, Tough Guy's statements necessarily imply – if not expressly misrepresent – that Tough Mudder's management engages in illegal and fraudulent conduct, and, as a result, participants in Tough Mudder's races are likely to be injured, cheated and robbed.  Plaintiffs made these false statements for the ***express purpose*** of convincing mud-race enthusiasts to "boycott" Tough Mudder's races, because the races "could injure and endanger life."  *See* CounterComplaint Ex. B.

Plaintiffs' statements about Defendants, which are connected to and in the same context as statements that Tough Mudder's races are inherently unsafe (¶40), are clearly direct statements concerning Tough Mudder's goods and services.  *See, e.g. Unique Sports Generation, Inc. v. LGH-III, LLC*, 2005 U.S. Dist. LEXIS 22133, at *33-*34 (S.D.N.Y. Sept. 29, 2005) ("statements regarding the quality of Defendant's merchandise would have constituted a direct attack on Defendant's goods").

12

Plaintiffs place great weight on the holding of *EventMedia Int'l, Inc. v. Time, Inc. Magazine Co.*, 1992 U.S. Dist. LEXIS 16385 (S.D.N.Y. Oct. 26, 1992). Motion at 4-6. In *EventMedia*, however, it was clear that the allegedly false statement in that case was not made in an effort to influence purchasing decisions.

> All of Plaintiffs' factual allegations portray Time as responding to inquiries about Time's relationship with EventMedia, not about Time's supposedly competing business with EventMedia. The allegations – of oral answers to uninvited questions outside of a sales context – do not constitute commercial speech by a competitor for the purpose of influencing consumers to buy the competitor's services.

*EventMedia Int'l, Inc.*, 1992 U.S. Dist. LEXIS 16385, at *11. In the case before this Court, however, it is clear that Tough Guy's false statements were made for the express purpose of convincing would-be Tough Mudder participants to boycott Tough Mudder races and participate in Tough Guy races. Plaintiffs' statements concerned Tough Mudder's goods and services and are actionable under the Lanham Act.

### D. Tough Guy Disseminated the False and Misleading Statements

Tough Mudder pleads that Tough Guy disseminated the false and misleading statements via a "mass e-mail" to "Tough Guy competitors including persons in the United States and within and around the venues for Tough Mudder's races" (¶35) and posted the false statements on Tough Guy's website (¶43), such that such false statements were made in "connection with the commercial advertising and promotion of Tough Guy races on the Tough Guy website and through e-mail communications to race participants." ¶51. *See also* ¶56. Tough Guy's false statements remained on the Tough Guy website from March 3, 2010 through October 2010. ¶¶8-9.

Defendants also plead, on information and belief, that Tough Guy continues to make anonymous false and misleading remarks disparaging Tough Mudder through websites maintained by third parties. ¶10.

Tough Guy erroneously contends the CounterComplaint "is devoid of any facts in support" of the requirement under the Lanham Act that the statements be "disseminated sufficiently to the relevant purchasing public." Motion at 7. Tough Guy ignores ¶¶8, 9, 10, 35, 43, 51, and 56.

"[T]he Lanham Act encompasses more than the traditional advertising campaign. . . ." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc*., 314 F.3d 48, 57 (2d Cir. 2002) (assessing sufficiency of dissemination after trial, not motion for dismissal). Specifically, the Lanham Act prohibits the types of false advertising Tough Guy has engaged in here. False and misleading statements on a company's website are actionable under the Lanham Act as false advertising. *See, e.g. Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 114 (2d Cir. 2010) ("The law requires us to hold eBay accountable for the words that it chose [to put on its website] insofar as they misled or confused consumers."). Similarly, direct communications with individual customers, or potential costumers, for the purposes of influencing purchasing decisions is actionable under the Lanham Act. *See, e.g. GEA Westfalia Separator, Inc.*, 2010 U.S. Dist. LEXIS 50025, at *5, *11-*12 (finding sufficient dissemination where the defendant "sent letters" to certain individual customers); *Unique Sports Generation, Inc.*, 2005 U.S. Dist. LEXIS 22133, at *33-*34 (statements to customers and potential costumers at trade show).

## VI.  TOUGH GUY IMPROPERLY MOVES TO STRIKE RELEVANT ALLEGATIONS

"To prevail on a Rule 12(f) motion to strike, the moving party must show that the challenged material has no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant. Generally, motions to strike are disfavored, and will be granted only where there exists a strong reason to do so." *Landmark Am. Ins. Co. v. S&S Pub.*, 2011 U.S. Dist. LEXIS 15050, *17-*18 (E.D.N.Y. Feb. 8, 2011). Tough Mudder's allegations that (i) Wilson became overtly hostile after Dean questioned the legitimacy of Tough Guy's charitable relationships

14

and financial statements (¶26), and (ii) Wilson threatened Dean's life (¶¶29-34), provide context for Tough Guy's defamatory statements.

The allegations Tough Guy seeks to strike demonstrate Tough Guy's malicious intent towards Tough Mudder, and support Tough Mudder's Fifth Prayer For Relief seeking punitive damages. "Punitive damages may only be assessed under New York law if the plaintiff has established common law malice in addition to the other elements of libel." *Celle*, 209 F.3d at 184. Malice may be shown by demonstrating Tough Guy "was motivated by spite or ill will." *Liverpool v. Con-Way, Inc., et al.,* 08-cv-4076 (JG) (E.D.N.Y.) [Dkt. No. 43, Nov. 18, 2010) (J. Gleeson) (denying motion to dismiss defamation claim). Because Tough Guy's malice is at issue here, evidence of the parties' past disputes is of critical importance to demonstrating Tough Guy's motive. "Common law malice is established by examining all of the relevant circumstances surrounding the dispute, ***including any rivalries and earlier disputes between the parties*** so long as they are not too remote." *Celle*, 209 F.3d at 184. Discovery into Wilson's relationship with his charitable foundations will make it clear that he acted out of a calculated and rational malice, seeking to quickly destroy Dean's business prospects and his reputation in the industry before Dean's questions into the dubious legitimacy of Tough Guy's charitable foundations would make news or be afforded significant weight in their own right. Accordingly, the allegations are relevant and should ***not*** be stricken.

**VII.   CONCLUSION**

Plaintiffs' statements here falsely accused Defendants of fraud and stealing intellectual property, and falsely asserted Tough Mudder's races were unsafe and that Tough Mudder's management would steal race participants' entry fees. These statements were defamatory and constitute false advertising under the Lanham Act. Defendants allege that Plaintiffs made such

15

statements with malicious intent, as demonstrated by William Wilson's prior conduct; the allegations

Plaintiffs seek to strike are clearly relevant and ought not be stricken.

DATED:  March 24, 2011                   Respectfully Submitted,

                                         DIETRICH SIBEN THORPE LLP


                                              */s/ Matthew P. Siben*
                                         _____
                                              MATTHEW P. SIBEN

                                         2173 Salk Avenue, Suite 250
                                         Carlsbad, CA  92008
                                         Telephone: (760) 579-7368
                                         Fax: (760) 579-7369

                                         Attorneys for Defendants Tough Mudder LLC, Will
                                         Dean and Guy Livingstone

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x
TOUGH GUY LIMITED,                          :    Civil Action No. 10-cv-5620 (JG) (SMG)
                                            :
                        Plaintiff,          :    CERTIFICATE OF SERVICE
                                            :
            vs.                             :
                                            :
TOUGH MUDDER LLC, WILL DEAN, and            :
GUY LIVINGSTONE,                            :
                                            :
                        Defendants.         :
                                            :
———————————————————— x
TOUGH MUDDER LLC, WILL DEAN, and            x
GUY LIVINGSTONE,                            :
                                            :
                        Counterclaimants,   :
                                            :
            vs.                             :
                                            :
TOUGH GUY LIMITED and WILLIAM               :
WILSON,                                     :
                                            :
                        Counter-Defendants. x
————————————————————

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 24, 2011, I filed the foregoing with the Clerk of the

Court using the CM/ECF system.

DATED:  March 24, 2011                        DIETRICH SIBEN THORPE LLP


                                                        */s/ Matthew P. Siben*
                                                       MATTHEW P. SIBEN

                                              2173 Salk Avenue, Suite 250
                                              Carlsbad, CA  92008
                                              Telephone: (760) 579-7368
                                              Fax: (760) 579-7369

                                              Attorneys for Defendants/Counterclaimants Tough
                                              Mudder LLC, Will Dean and Guy Livingstone